UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VICTOR TAGLE,<br><br>　　　　　　　Plaintiff,<br>　v.<br>STATE OF NEVADA et al.,<br><br>　　　　　　　Defendants. | Case No. 3:16-cv-00608-MMD-VPC<br><br>ORDER |

Plaintiff is a prisoner proceeding *pro se*. Plaintiff has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, an application to proceed *in forma pauperis*, and a motion for suggestion of death. (ECF No. 1, 1-1, 1-2.) However, on at least three (3) occasions, the Court has dismissed civil actions commenced by Plaintiff while in detention as malicious or for failure to state a claim upon which any relief may be granted.[1]

Pursuant to 28 U.S.C. § 1915(g), "if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," he may not proceed *in forma pauperis* and, instead, must pay the full $400.00 filing fee in advance unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

---

[1] *See Tagle v. State of Nevada et al*, 2:15-cv-02083-RCJ-GWF (dismissed for failure to state a claim); *Tagle v. State of Nevada et al*, 2:15-cv-02358-MMD-PAL (dismissed for maliciousness and failure to state a claim); and *Tagle v. State of Nevada et al*, 2:16-cv-00852-JAD-VCF (dismissed for maliciousness and failure to state a claim). The Court takes judicial notice of its prior records in the above matters.

In his complaint, Plaintiff alleges issues with the individuals involved in his criminal conviction, issues with the deputy attorney generals involved with his civil lawsuits, and verbal harassment from prison officials. (*See generally* ECF No. 1-1.) The Court finds that these allegations fail to plausibly allege that Plaintiff is in imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (holding that the exception to § 1915(g) applies if the complaint makes a plausible allegation that the prisoner faced imminent danger of serious physical injury at the time of filing). As such, Plaintiff must pre-pay the $400.00 filing fee in full.

For the foregoing reasons, it is ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is denied.

It is further ordered that this action will be dismissed without prejudice unless Plaintiff pays the $400.00 filing fee in full within thirty (30) days of entry of this order.

It is further ordered that the Clerk of the Court send Plaintiff two (2) copies of this order. Plaintiff must make the necessary arrangements to have one (1) copy of this order attached to the check paying the filing fee.

It is further ordered that the Clerk of the Court retain the complaint (ECF No. 1-1).

It is further ordered that the motion for suggestion of death (ECF No. 1-2) is denied.

DATED THIS 18th day of November 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE