UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VICTOR TAGLE,<br><br>                    Plaintiff,<br>     v.<br>STATE OF NEVADA et al.,<br><br>                    Defendants. | Case No. 3:16-cv-00608-MMD-VPC<br><br>ORDER |

This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. On November 21, 2016, this Court issued an order denying Plaintiff's application to proceed *in forma pauperis* because Plaintiff had "three strikes" pursuant to 28 U.S.C. § 1915(g). (ECF No. 4 at 1-2.) The Court informed Plaintiff that if he did not pay the $400.00 filing fee in full within thirty (30) days of the date of that order, the Court would dismiss the action without prejudice. (*Id.* at 2.) The thirty-day period has now expired and Plaintiff has not paid the full filing fee of $400.00.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856

F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits — is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Plaintiff to pay the full filing fee within thirty (30) days expressly stated: "It is further ordered that this action will be dismissed without prejudice unless Plaintiff pays the $400.00 filing fee in full within thirty (30) days of entry of this order." (ECF No. 4 at 2.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order to pay the full filing fee within thirty (30) days.

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to pay the $400.00 filing fee in compliance with this Court's November 21, 2016, order.

It is further ordered that Plaintiff's motion for the Court to review its order (ECF No. 6) is denied.[1]

It is further ordered that the Clerk of Court enter judgment accordingly.

DATED THIS 28th day of December 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1] In this motion, Plaintiff seeks to have the Court review its three strikes order (ECF No. 4). (ECF No. 6 at 1.) Plaintiff asserts that NDOC employees have been harassing him since 2011. (*Id.*) To the extent that Plaintiff seeks reconsideration of his three strikes designation, the Court denies this motion because the record reflects that Plaintiff has three strikes.